E-FILED
Thursday, 05 March, 2026  01:15:03 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBY B. IRBY** | **NO.**  26-cv-3076 |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION - LAW** |
| **GIRARD POLICE DEPARTMENT; CHIEF WAYMAN MEREDITH; ILLINOIS LAW ENFORCEMENT TRAINING AND STANDARDS BOARD** | **JURY TRIAL DEMANDED** |
| **Defendants** | |



FILED
3/5/2026
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## CIVIL COMPLAINT

AND NOW, comes PLAINTIFF and files this CIVIL COMPLAINT:

1. This action arises primarily  under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., and 42 U.S.C. § 1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as this is a federal question case.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred within this District.

4. Plaintiff Roby Irby is a resident of the State of Illinois and was employed as a Police Officer by the Girard Police Department.

5. Defendant Girard Police Department is a municipal corporation operating the department.

6. Defendant Police Department is a municipal entity responsible for law enforcement and employment practices.

7. Defendant Chief Wayman Meredith, at all relevant times, acted under color of state law and exercised supervisory authority over Plaintiff.

8. Defendant Illinois Law and Enforcement and Training Board is a government agency.

9. Plaintiff was employed by Defendants from approximately March 4, 2024 to February 8, 2025.

10. Plaintiff was a certified law enforcement officer employed by the Defendant Police Department.

11. Plaintiff has a disability within the meaning of the Americans with Disabilities Act ("ADA").

12. Plaintiff is a qualified individual with a disability as defined by the ADA, suffering from total hip replacement, osteoarthritis left hip and hearing loss.

13. Defendant was aware of Plaintiff's disability.

14. Plaintiff informed Defendant of his disability and requested a reasonable accommodation so that he could continue performing his job.

15.     Plaintiff was qualified to perform the essential functions of his position, with or without reasonable accommodation.

16.     Instead of engaging in an interactive process or providing an accommodation, Defendant responded with hostility to Plaintiff's disclosure.

17.     Shortly after Plaintiff disclosed his disability and requested an accommodation, Defendant initiated proceedings to decertify Plaintiff's law enforcement officer status. *See* Decertification Complaint attached hereto as Exhibit A.

18.     The decertification request was not based on misconduct, poor performance, or legitimate business necessity.

19.     Defendant sought decertification in order to force Plaintiff out of law enforcement and end his employment.

20.     Defendant's actions were taken because Plaintiff disclosed his disability and requested an accommodation.

21.     Defendant's actions would deter a reasonable employee from asserting rights under the ADA.

22.     As a result of Defendant's conduct, Plaintiff suffered loss of employment opportunities, loss of income, emotional distress, and other damages.

23. Because of this, Plaintiff is now unable to seek law enforcement job opportunities, as no job will hire Plaintiff with a decertification or pending certification complaint.

24. Plaintiff was also denied notice of charges, a meaningful opportunity to be heard, and a fair disciplinary process prior to this false filing.

25. Defendants failed to follow established policies and procedures, acting arbitrarily and capriciously.

26. These actions were taken pursuant to official policies, customs, or practices, including failure to train and supervise employees regarding ADA compliance and constitutional rights.

27. As a direct result, Plaintiff suffered loss of employment, emotional distress, reputational harm, and financial damages.

28. Precisely, Plaintiff has been disqualified from a plethora of job opportunities.

29. As a result of this, Plaintiff filed for a waiver with the Illinois Enforcement and Training Board to bypass certain training criteria to get another role due to the issues discussed above.

30. Prior to this, Plaintiff disclosed his disability described in paragraph 12 of this complaint.

31.     The Illinois Enforcement and Training Board denied the waiver request, while having knowledge of the disability.

## COUNT I AND II: American With Disabilities Act Retaliation AGAINST GIRARD AND CHIEF

32.     Plaintiff realleges and incorporates the above paragraphs.

33.     The ADA prohibits retaliation against an employee for disclosing a disability or requesting a reasonable accommodation.

34.     Plaintiff engaged in protected activity by informing Defendant of his disability and requesting an accommodation.

35.     Defendant took materially adverse action against Plaintiff by seeking decertification of his law enforcement officer status.

36.     Defendant's adverse action was causally connected to Plaintiff's protected activity.

37.     Defendant's conduct constitutes unlawful retaliation in violation of the Americans with Disabilities Act

 **COUNT III AND IV: Deprivation of Constitutional Rights (**(42 U.S.C. § 1983)) **AGAINST GIRARD AND CHIEF**

38.     Plaintiff realleges paragraphs 1–26.

39.     Plaintiff had a **property interest in continued employment**.

40. Defendants deprived Plaintiff of this interest **without procedural due process**, in violation of the **Fourteenth Amendment**.

41. Defendants acted under color of state law.

42. The deprivation resulted from **official policies, customs, or decisions of final policymakers**.

43. Plaintiff realleges paragraphs 1–32.

44. Defendants maintained policies or customs that: Encouraged abuse of authority; Ignored ADA obligations; and Denied due process to employees

45. These policies were the moving force behind Plaintiff's injuries.

46. Plaintiff respectfully requests: a clean record, declaratory judgement that Defendants violated federal law, injunctive relief preventing future violations, compensatory damages, any other relief court deems just and proper.

### COUNT V AND VI: ABUSE OF POWER UNDER COLOR OF LAW ((42 U.S.C. § 1983)) AGAINST GIRARD AND CHIEF

47. Plaintiff realleges and incorporates all preceding paragraphs.

48. At all relevant times, Defendants were acting under color of state law as officials and employees of the Police Department.

49. Defendants possessed authority and power by virtue of their official positions.

50.     Defendants knowingly misused that authority to harm Plaintiff.

51.     Plaintiff engaged in lawful and protected conduct, including disclosing a disability and requesting a reasonable accommodation.

52.     In response, Defendants used their official power to initiate decertification proceedings against Plaintiff.

53.     Defendants did not seek decertification for legitimate law enforcement, safety, or performance reasons.

54.     Defendants sought decertification as a pretext to force Plaintiff out of employment and the law enforcement profession.

55.     Defendants' actions exceeded their lawful authority and were taken for an improper and retaliatory purpose.

56.     Defendants acted intentionally, willfully, and with reckless disregard for Plaintiff's federally protected rights.

57.     Defendants' misuse of power deprived Plaintiff of rights secured by the Constitution and laws of the United States, including the right to be free from retaliation and arbitrary government action.

58.     As a direct and proximate result of Defendants' abuse of power, Plaintiff suffered loss of employment, loss of professional certification, loss of income, emotional distress, and other damages.

59.     Defendants' conduct shocks the conscience and constitutes an unlawful abuse of governmental power.

### COUNT VII: AMERICANS WITH DISABILITIES ACT TITLE II- DISABILITY DISCRIMINATION AND FAILURE TO ACCOMODATE AGAINST BOARD

60.     Defendants are a public entity within the meaning of Title II of the Americans with Disabilities Act.

61.     Plaintiff is a qualified individual with a disability.

62.     Defendants administer law enforcement certification, training, and waiver determinations required for employment in alternative law enforcement-related roles.

63.     Plaintiff disclosed his disability to Defendants and requested a reasonable modification and waiver of certain training criteria so that he could qualify for another role.

64.     Plaintiff was otherwise qualified for the position sought.

65.     Defendants denied Plaintiff's waiver request because of his disability and failed to conduct an individualized assessment.

66.    Defendants' denial excluded Plaintiff from participation in and denied him the benefits of a public program in violation of Title II of the ADA.

## COUNT VIII: AMERICANS WITH DISABILITIES ACT TITLE V- RETALIATION AGAINST BOARD

67.    Plaintiff engaged in protected activity by disclosing his disability and requesting a reasonable modification.

68.    Shortly thereafter, Defendants denied Plaintiff's waiver request.

69.    Defendants' denial was motivated by Plaintiff's protected activity.

70.    Defendants' actions constitute unlawful retaliation in violation of the ADA.

## COUNT IX: 42 U.S.C. § 1983 – Equal Protection (Selective or Disability-Based Discrimination)

71.    Defendants treated Plaintiff differently from similarly situated non-disabled applicants.

72.    Defendants denied Plaintiff's waiver request without a rational basis and because of his disability.

/s/ *Roby Irby*
Roby Irby
6 Barley Drive
Troy, Illinois 62294
309.265.5420