E-FILED
Thursday, 23 April, 2026 01:43:48 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBY B. IRBY,<br>　　Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 26-cv-3076 |
| GIRARD POLICE DEPARTMENT,<br>CHIEF WAYMAN MEREDITH, and<br>ILLINOIS LAW ENFORCEMENT<br>TRAINING AND STANDARDS BOARD,<br>　　Defendants. | ) ) ) ) ) ) | |

### OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff Roby B. Irby, proceeding *pro se*, moves for a temporary restraining order ("TRO") and preliminary injunction (Docs. 3, 14, 19, and 26) to enjoin Defendants Girard Police Department, Chief Wayman Meredith,[1] and the Illinois Law Enforcement Training and Standards Board (the "Board") from continuing law enforcement decertification proceedings against Plaintiff and to temporarily restore his license to good standing.

### I.　FACTUAL BACKGROUND[2]

The Girard Police Department (the "Police Department" or "Department") employed Plaintiff as a certified law enforcement officer. (Doc. 1 at ¶ 10). Plaintiff suffers from "total hip replacement, osteoarthritis left hip and hearing loss." (*Id.* at ¶ 12). Plaintiff disclosed his impairments to the Department and requested a "reasonable

---

[1] During the relevant timeframe, Defendant Meredith "exercised supervisory authority over Plaintiff." (Doc. 1 at ¶ 7).

[2] The factual background is taken from the allegations in the Complaint (Doc. 1).

accommodation."[3] (*Id.* at ¶ 14). The Department then "initiated proceedings to decertify Plaintiff's law enforcement officer status" based on his disclosure and request. (*Id.* at ¶¶ 17–18, 20). Plaintiff contends he is "now unable to seek law enforcement job opportunities, as no job will hire Plaintiff with a decertification or pending certification complaint." (*Id.* at ¶ 23).

Plaintiff later disclosed his impairments to — and sought a waiver with — the Board "to bypass certain training criteria . . . so that he could qualify for another role." (*Id.* at ¶¶ 29, 63). His request was denied. (*Id.* at ¶¶ 65, 69). Plaintiff asserts violations under the Americans with Disabilities Act ("ADA") and deprivations of his procedural due process and equal protection rights.

## II.   PROCEDURAL BACKGROUND

The Complaint contains nine counts. As structured, Counts I and II allege ADA retaliation against the Police Department and Meredith. Counts III and IV allege a procedural due process violation under 42 U.S.C. § 1983 against the Department and Meredith. Counts V and VI allege abuse of power under § 1983 against the Department and Meredith. Counts VII alleges disability discrimination and failure to accommodate under the ADA against the Board. Count VIII alleges ADA retaliation against the Board. And Count IX alleges an equal protection violation against all defendants. Although there is no prayer for relief, some counts (construed liberally) include requests for declaratory

---

[3] It is not clear what accommodation(s) Plaintiff requested.

and injunctive relief as well as damages. No Count requests injunctive relief against the Board.

Plaintiff has, to this point, filed eight motions requesting a TRO or preliminary injunction. (Docs. 3, 7, 8, 11, 12, 14, 19, and 26). The Court has denied (in whole, in part, or as moot) five of those motions (Docs. 3, 7, 8, 11, and 12) on the basis that Plaintiff failed to meet his threshold burden to justify a TRO in order to stay a prehearing conference in the decertification proceedings. The Board has now had opportunity to respond to Plaintiff's requests for preliminary injunctive relief. The remaining two defendants have not been served.

## III.    DISCUSSION

### A. *Younger* Abstention

"The seriousness of federal judicial interference with state civil functions has long been recognized by [the Supreme Court]." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603 (1975). When "confronted with requests for such relief, [federal courts] should abide by standards of restraint that go well beyond those of private equity jurisprudence." *Id.* at 603–04 (applying *Younger v. Harris*, 401 U.S. 37 (1971), to state civil proceedings). "The *Younger* abstention doctrine, which is rooted in traditional principles of equity, comity, and federalism, requires federal courts to refrain from exercising their jurisdiction when relief may interfere with certain state proceedings." *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017).

Under *Younger*, a federal court must abstain from interfering in a state proceeding "if the ongoing state matter (1) is judicial in nature, (2) implicates important state interests, (3) offers an adequate opportunity for review of constitutional claims, and (4) involves no extraordinary circumstances, such as harassment or bias." *Richwine v. Matuszak*, 148 F.4th 942, 950 (7th Cir. 2025) (citing *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596 (7th Cir. 2007)). The scope of *Younger* abstention is limited to three categories of cases: (1) "ongoing state criminal proceedings," (2) "certain civil enforcement proceedings (judicial or administrative) akin to criminal prosecutions," or (3) "civil proceedings 'that implicate a State's interest in enforcing the orders and judgments of its courts.'" *Mulholland v. Marion County Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) (quoting *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013)).

Here, Plaintiff's requested preliminary injunctive relief falls within the second category as he seeks to stay state civil proceedings that are judicial in nature. Indeed, "[f]or purposes of *Younger* abstention, administrative proceedings are 'judicial in nature' when they are coercive," such as state enforcement or legislative proceedings. *Majors v. Engelbrecht*, 149 F.3d 709, 710–12 (7th Cir. 1998) (collecting cases) (affirming *Younger* abstention where nurse's § 1983 suit attempted to enjoin state proceedings that would revoke his license); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 425, 429 (1982) (holding district court correctly abstained under *Younger* from challenge to state bar disciplinary proceedings). The decertification proceeding before the

ALJ[4] is authorized under the Illinois Police Training Act. *See, e.g.*, 50 ILCS 705/6.3(b) (describing the Board's authority to decertify a law enforcement officer upon a determination that the officer has failed in some respect as outlined by the statute); *id.* 705/6.3(h) (discussing formal complaint hearing before the ALJ).

Furthermore, the proceeding "implicate[s] important state interests," "offer[s] an adequate opportunity for review of constitutional claims," and "no extraordinary circumstances—like bias or harassment—exist which auger against abstention." *Majors,* 149 F.3d at 711 (citing *Middlesex,* 457 U.S. at 429). The Illinois Police Training Act declares "that in order to promote and protect citizen health, safety and welfare, it is necessary and in the public interest to provide for the creation of the [Board] . . . to raise the level of law enforcement by upgrading and maintaining a high level of training and standards for law enforcement executives and officers . . . ." 50 ILCS 701/1. As discussed, in conjunction with its statutory objectives, the Act provides for a decertification process which implicates these important state interests.

Moreover, the decertification procedure allows adequate review of Plaintiff's claims. *See, e.g.,* 50 ILCS 705/6.3 (discussing decertification procedure); *id.* 705/6.6 (allowing appeal of final decisions under the Administrative Review Law); *see also Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should

---

[4] The Court takes judicial notice of Defendant Board's Exhibits C, D, and E (Docs. 16-4, 16-5, 16-6) attached to its response opposing a preliminary injunction, which are from the public record of the proceeding before the ALJ, case number 2025D000004. Fed. R. Evid. 201. These include the Complaint for Decertification (Doc. 16-4), the Docket (Doc. 16-5), and the ALJ's Order concerning scheduling (Doc. 16-6).

assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). And no extraordinary circumstances exist that would auger against abstention, *Majors*, 149 F.3d at 711 (citing *Middlesex*, 457 U.S. at 429), as Plaintiff was required to "present more than mere allegations and conclusions" showing "bad faith, bias, and retaliation," *Crenshaw v. Supreme Court*, 170 F.3d 725, 729 (7th Cir. 1999) (citation omitted).

For these reasons, the Court must abstain from determining Plaintiff's claims seeking to halt the ongoing decertification proceedings and restore his license to good standing.

### B. *Rooker-Feldman* Doctrine

To the extent Plaintiff requests injunctive relief from the ALJ's or Board's past decisions, *Rooker-Feldman* doctrine bars his claims. The doctrine "provides that lower federal courts do not have subject matter jurisdiction to review state court civil decisions." *Edwards v. Ill. Bd. of Admissions*, 261 F.3d 723, 728 (7th Cir. 2001) (citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). "Plaintiffs must instead seek review through the state court system and, if necessary, petition the United States Supreme Court for a writ of certiorari." *Id.* (citing *Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996)). Quasi-judicial administrative bodies acting in a judicial capacity, such as the Board, likely fall within the doctrine, as other courts have held. *See Mitchell v. Fishbein*, 377 F.3d 157, 166–67 (2d Cir. 2004) (collecting cases).

Therefore, to the extent Plaintiff requests relief from past decisions made by the ALJ or Board, this Court cannot review those decisions.[5]

## C. TRO and Preliminary Injunction

Setting aside the necessity for abstention, Plaintiff has not met his burden to justify this Court's issuance of a TRO or preliminary injunction. The same considerations apply to each. *See, e.g., Crue v. Aiken*, 137 F. Supp. 2d 1076, 1082–83 (C.D. Ill. 2001). Preliminary injunctive relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (quotation omitted). Plaintiff requests a stay of the decertification proceeding and a mandatory injunction that would restore his license to good standing. Mandatory injunctions—those that "command the defendant" to act—carry an even higher standard; they are "cautiously viewed and sparingly issued." *Graham v. Medical Mut.*, 130 F.3d 293, 295 (7th Cir. 1997) (quotation omitted); *see also Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 892 (7th Cir. 2011).

At the outset, Plaintiff must show "1) a reasonable likelihood of success on the merits, and 2) no adequate remedy at law and irreparable harm if preliminary relief is denied." *Graham*, 130 F.3d at 295 (quotation and citations omitted). If Plaintiff meets his threshold burden, the Court "must balance the irreparable harm to the non-moving party

---

[5] Even assuming *Younger* and *Rooker-Feldman* do not bar the requested injunctive relief, general principles of equity, comity, and federalism require this Court's abstention. *See J.B. Woodward*, 997 F.3d 714, 721–23 (7th Cir. 2021) (explaining that even if the abstention doctrines do not apply, abstention may be warranted under equity, comity, and federalism principles that underlie the doctrines as, in that case, the plaintiff sought a "favorable federal constitutional ruling that c[ould] be used affirmatively or offensively to shape— or perhaps change—the direction and course of the state court proceedings").

if the injunction is granted against the irreparable harm to the moving party if the injunction is denied." *Id.* (citations omitted); *see also Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008) (discussing the phases).

Plaintiff failed to meet his threshold burden. He has not shown he is irreparably "harmed" by a formal decertification proceeding in which the ALJ will consider the merits of the action as well as Plaintiff's defenses—a proceeding from which he may seek appellate review. *See* 50 ILCS 705/6.3, 6.6; 20 Ill. Adm. Code 1790.660. For these reasons, Plaintiff has not demonstrated that his traditional legal remedies are inadequate. *See Pennzoil*, 481 U.S. at 15. Moreover, Plaintiff is not likely to succeed on the merits as the Complaint principally relies on conclusory allegations while failing to distinguish between each defendant.[6] Therefore, the Court need not consider the balance of harms as Plaintiff has not met his threshold burden justifying preliminary injunctive relief.

### D. Leave to File an Amended Complaint

Plaintiff requests leave to file an amended complaint "to add request for Declaratory Judgement, 1983 claims, and provide clarity on the ADA claims." (Doc. 19 at 6). The request is denied with leave to refile in accordance with this Court's local rules. *See* Civil L.R. 7.1(F) ("If filing a document requires leave of the Court, the filing party must attach the proposed document as an exhibit to a motion to file."). Plaintiff is **warned** that the amended complaint must stand independently without reference to prior filings

---

[6] As noted previously, nowhere does the Complaint request injunctive relief against the Board.

and must contain the totality of Plaintiff's claims. The Court will not consider piecemeal allegations apart from the amended complaint.

## IV.    CONCLUSION

Based on the foregoing reasons, Plaintiff Roby Irby's Motions for a Temporary Restraining Order and Preliminary Injunction (Docs. 3, 14, and 26) are DENIED. Plaintiff's Combined Motion (Doc. 19) is DENIED in its entirety. If Plaintiff wishes to amend his complaint, he must file a motion seeking leave of this Court in accordance with Civil Local Rule 7.1(F).

ENTER: 4/23/2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE