E-FILED
Tuesday, 19 May, 2026  05:13:50 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ROBY B. IRBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. 26-CV-3076-CRL-DJQ |
| | ) | |
| GIRARD POLICE DEPARTMENT, | ) | |
| CHIEF WAYMAN MEREDITH, and | ) | |
| ILLINOIS LAW ENFORCEMENT | ) | |
| TRAINING AND STANDARDS BOARD, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ILLINOIS LAW ENFORCEMENT TRAINING AND STANDARDS
BOARD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
AND MEMORANDUM OF LAW IN SUPPORT**

Defendant, ILLINOIS LAW ENFORCEMENT TRAINING AND STANDARDS BOARD, by and through its attorney, Kwame Raoul, Attorney General of the State of Illinois, hereby submits its motion to dismiss Plaintiff's First Amended Civil Complaint [Doc. 53] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and its memorandum of law in support.

**INTRODUCTION**

Plaintiff is a law enforcement officer who is the subject of a pending decertification proceeding brought pursuant to the Illinois Police Training Act, 50 ILCS 705/1 et seq. [*See* Doc. 16-5 at 1]. On October 7, 2025, Defendant Illinois Law Enforcement Training and Standards Board ("ILETSB" or "Board") filed a Complaint for Decertification [Doc. 16-4] alleging that Plaintiff committed official misconduct and unprofessional conduct by failing to render medical aid to Patrick Beard on January 26, 2025. On March 5, 2026, Plaintiff filed this lawsuit against Defendant Board and against Plaintiff's former employers, Defendants Girard Police Department and Chief Wayman Meredith. On May 5, 2026, Plaintiff filed his First Amended Civil Complaint [Doc. 53]

(hereinafter, the "Amended Complaint"), alleging that Defendants violated Plaintiff's rights under the Americans with Disabilities[1] Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA") and 42 U.S.C. § 1983. Plaintiff has filed several motions, all denied, requesting that this Court issue injunctive relief to stay the pending decertification proceeding. [Docs. 3, 11, 14, 19, 26; Opinion Doc. 28]. Likewise, the Amended Complaint requests that this Court "halt" that proceeding. [Doc. 53 at 7].

This Court should dismiss the Amended Complaint against Defendant Board for three reasons. *First*, this Court lacks jurisdiction and must dismiss the Complaint because this Court must abstain[2] from determining Plaintiff's claims under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny and under the general principles of equity, comity, and federalism[3] which underlie the doctrine; and, to the extent Plaintiff requests relief from the administrative law judge's or Board's past decisions, general principles of equity, comity, and federalism and *Rooker-Feldman[4]* doctrine bar Plaintiff's claims and this Court lacks jurisdiction. *Second*, the Amended Complaint is factually and legally deficient and fails to state a claim upon which relief can be granted against Defendant Board. *Third*, Defendant Board has sovereign immunity and/or Eleventh Amendment immunity from several of the claims, as discussed below.

## LEGAL STANDARD

Rule 12(b)(6) permits dismissal of an action for failure to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(6). Fed. R. Civ. P. 8(a)(2) requires that a plaintiff's short and plain statement of a claim give defendants "fair notice" of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint

---

[1] Plaintiff alleges that he had "a total hip replacement" and had unspecified "lifting restrictions". [Doc. 53, ¶ 9]. Plaintiff's allegations are insufficient and do not support a reasonable inference that he was a qualified individual with a disability within the meaning of the ADA.

[2] As this Court has already ruled. *See* Opinion, Doc. 28 at 3-6.

[3] As this Court has already ruled. *See* Opinion, Doc. 28 at 7 n.5.

[4] As this Court has already ruled. *See* Opinion, Doc. 28 at 6-7.

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. To survive a motion to dismiss, the complaint must allege enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Sanner v. Bd. of Trade,* 62 F.3d 918, 925 (7th Cir. 1995). However, a complaint does not suffice if it tenders naked assertions devoid of further factual enhancement. *Taha v. Int'l Bhd. Of Teamsters, Local 781,* 947 F.3d 464*,* 469 (7th Cir. 2020). The Court may reject sheer speculation, bald assertions, and unsupported conclusory statements. *Id.* When reviewing a Rule 12(b)(6) motion to dismiss, the court is generally limited to the allegations within the four corners of the complaint, along with any exhibits attached to the complaint and any documents attached to the motion that are referenced in and central to plaintiff's claims. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Although the court accepts the well-pleaded facts, the court is also "free to consider any facts set forth in the complaint that undermine the plaintiff's claim." *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024) (cleaned up). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The Court is required to consider subject-matter jurisdiction as the first question in every case, and a suit must be dismissed if such jurisdiction is lacking. *Jakupovic v. Curran*, 850 F.3d

898, 902, (7th Cir. 2017). A party may assert lack of subject matter jurisdiction in a motion to dismiss. Fed. R. Civ. P. 12(b)(1). A court must dismiss an action if, at any time, the court determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Like a Rule 12(b)(6) motion, for a Rule 12(b)(1) motion the court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (internal citation omitted). However, the plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 589 (7th Cir. 2014).

## ARGUMENT

I.     **This Court lacks jurisdiction and must dismiss the Amended Complaint under the abstention doctrines of *Younger, Rooker-Feldman,* and general principles of equity, comity and federalism**

A.     This Court lacks jurisdiction and must abstain under the *Younger* abstention doctrine

The *Younger* abstention doctrine prohibits federal courts from intervening in ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37, 91 (1971); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 598 (1974) (recognizing the applicability of the *Younger* abstention doctrine to state civil proceedings). "Younger abstention exists to ensure that certain state proceedings occur without federal court interference, despite a request to the contrary." *Richwine v. Matuszak,* 148 F.4th 942, 950 (7th Cir. 2025) (citing *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 77-78 (2013); *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014). "When confronted with circumstances that clearly implicate *Younger* concerns, a federal court <u>must</u> abstain." *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996) (emphasis added).

In determining whether the *Younger* abstention doctrine applies, the threshold question is whether the federal plaintiff's requested relief would interfere with an ongoing state

proceeding. *See Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017). Here, Plaintiff's Amended Complaint requests that this Court grant relief including "injunctive relief halting decertification" and "restoration of certification." [Doc. 53 at 7]. Also, it is clear from Plaintiff's multiple motions requesting injunctive relief and for immediate rulings on said requests [Docs. 3, 7, 8, 11, 12, 14, 17, 19, 26, 31, 39, 50] that Plaintiff seeks to interfere with the ongoing state proceeding (e.g., requesting that this Court "requir[e] Defendant to restore Plaintiff's license to good standing" [Doc. 3 at 2], "enjoin [Defendant Board] from proceeding with the decertification proceeding" [Doc. 19 at 6] and "stay the ongoing state administrative proceedings" [Doc. 31 at 3]). The judgment Plaintiff seeks in this Court is plainly "aimed at controlling or preventing the occurrence of specific events that might take place" during his state proceedings. *See O'Shea v. Littleton*, 414 U.S. 488, 500 (1974). Thus, the threshold requirement has been met.

*Younger* abstention applies to three classes of cases: (1) where federal jurisdiction would intrude into ongoing state criminal proceedings; (2) where federal jurisdiction would intrude into certain civil enforcement proceedings (judicial or administrative) akin to criminal prosecutions; or (3) where federal jurisdiction would intrude into civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts. *Sprint v. Communications, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013). For *Younger*, administrative proceedings are "judicial in nature" when they are coercive – i.e., state enforcement proceedings, as opposed to remedial, or legislative. *Majors v. Engelbrecht*, 149 F.3d 709, 712 (7th Cir. 1998) (affirming district court's decision, citing *Younger,* to abstain from considering plaintiff nurse's § 1983 suit attempting to enjoin state proceedings to revoke his license). *See also Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 425 (1982) (reversing Court of Appeals which had not abstained under *Younger* from plaintiff's challenge to bar disciplinary proceedings). "A judicial inquiry investigates, declares and

enforces liabilities as they stand on present or past facts and under laws supposed already to exist." *New Orleans Pub. Serv., Inc., v. Council of City of New Orleans*, 491 U.S. 350, 370-71 (1989).

Here, the *Younger* abstention doctrine applies because the underlying proceeding which Plaintiff's lawsuit seeks to enjoin is a civil enforcement proceeding that is judicial in nature – a decertification proceeding pursuant to the Illinois Police Training Act, 50 ILCS 705/1 et seq., akin to a licensure revocation (and, in the context of *Younger,* akin to a criminal prosecution). The decertification proceeding has been brought through a Complaint for Decertification [Doc. 16-4] which alleges in Count I that Plaintiff committed Official Misconduct in violation of 50 ILCS 705/6.3(b)(1) by committing an act that would constitute a felony or misdemeanor under Section 7-15 of the Criminal Code (720 ILCS 5/7-15, "Duty to render aid") by failing to render medical aid to Patrick Beard on January 26, 2025. [*Id.* at 1-2]. The Complaint for Decertification further alleges in Count II that Plaintiff engaged in Unprofessional Conduct in violation of 50 ILCS 705/6.3(b)(6) for similar conduct as alleged in Count I. [*Id.* at 3]. The decertification proceeding, case number 2025D000004, is still pending before an Administrative Law Judge ("ALJ"). This Court has already correctly taken judicial notice[5] of documents from the underlying case. [*See* Opinion, Doc. 28 at 5]. Plaintiff admits[6] that the decertification proceeding remains ongoing. Defendant Board also submits an updated docket as of May 13, 2026, from said case, attached hereto as Exhibit L. Defendant Board is not the tribunal, nor does the Board control or employ the ALJ presiding in the case. An attorney is presenting the decertification proceeding on behalf of the

---

[5] "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012).

[6] Plaintiff has made a judicial admission that "there is no state court-judgment – final or otherwise – at issue. The administrative decertification proceeding remains ongoing, and Plaintiff has not sought or obtained judicial review in any state court." [Doc. 17 at 9]. *See United States v. One Heckler-Koch Rifle,* 629 F.2d 1250, 1253 (7th Cir. 1980) (holding that a representation made in a response brief may be treated as a judicial admission).

Board. [Doc. 16-4 at 3]. The Complaint for Decertification contains specific allegations regarding Plaintiff's conduct, including his alleged failure to render medical aid to Patrick Beard, who is now deceased, and Plaintiff's resignation from Girard Police Department while not in good standing. [Doc. 16-4]. It requests a hearing be held before an Administrative Law Judge and prays for relief that the Certification Review Panel decertify Plaintiff. [*Id.*] Wherefore, the underlying proceeding is akin to a criminal proceeding and belongs to a class of cases to which *Younger* applies.

*Younger* and its progeny "require federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances--like bias or harassment--exist which auger against abstention." *Majors*, 149 F.3d at 711. Here, all four factors are met:

*First,* this decertification proceeding is a state civil proceeding that is judicial in nature.[7]

*Second,* the decertification proceeding implicates important state interests.[8] The Illinois Police Training Act declares that "in order to promote and protect citizen health, safety and welfare, it is necessary and in the public interest to provide for the creation of the [ILETSB]" to carry out its duties, including "maintaining a high level of training and standards" for law enforcement officers. 50 ILCS 705/1. Maintenance of such high standards includes potential decertification of a law enforcement officer if it is proven that he or she engaged in "decertification conduct" (*see* 50 ILCS 705/6.3(b)) such as alleged in the Complaint for Decertification pending against Plaintiff.

*Third*, the proceedings offer an adequate opportunity for review of Plaintiff's claims.[9] *See, e.g.,* Section 6.3 of the Illinois Police Training Act, which includes detailed procedures for hearing

---

[7] As this Court has already found. *See* Opinion, Doc. 28 at 4.
[8] As this Court has already found. *See Id.* at 5.
[9] As this Court has already found. *See Id.*

before an ALJ, and Section 6.6 of the Act, subjecting discretionary decertification decisions to judicial review under the Administrative Review Law. 50 ILCS 705/6.3, 6.6, and 20 Ill. Adm. Code Part 1790. Plaintiff has an adequate opportunity to raise ADA issues in the state proceedings and in any appeals he files. *See Dean v. Schooley*, 2022 U.S. Dist. LEXIS 172261 (S.D. Ohio, September 22, 2022) at *15–16 (*Younger* abstention barred plaintiff's ADA claims because the plaintiffs would be able to raise on appeal denials of reasonable accommodations that they felt impacted their criminal proceedings). Even if Plaintiff alleges that error has occurred (or, rather, speculates that error may occur), Plaintiff can appeal final decisions of the Board by seeking administrative review in state court pursuant to the Administrative Review Law. 50 ILCS 705/6.6, 735 ILCS 5/2-101 et seq. Thus, there are adequate opportunities to review Plaintiff's claims.

*Fourth*, there are no extraordinary circumstances which auger against abstention. "A plaintiff seeking to invoke this exception must satisfy a demanding standard by alleging specific, well-developed facts sufficient to convince the court it realistically must intervene to protect the plaintiff's constitutional rights." *Lewis v. Zoeller*, 2012 U.S. Dist. LEXIS 156523 (S.D. Ind. November 1, 2012) at *2 (citing *Crenshaw v. Sup. Ct. of Ind.*, 170 F.3d 725, 729 (7th Cir. 1999); *Trust & Inv. Advisers, Inc. v. Hogsett*, 43 F.3d 290, 296-97 (7th Cir. 1994)). In order to establish his entitlement to the bad faith exception to the *Younger* doctrine, Plaintiff "must allege specific facts to support [his] inferences of bad faith, bias, and retaliation." *Crenshaw v. Supreme Court,* 170 F.3d 725, 729 (7th Cir. 1999). He "must present more than mere allegations and conclusions." *Id.* Further, a plaintiff does not qualify for the exception simply by noting that the prosecution will result in the expense of retaining counsel, injury to his reputation, or the other consequences common to good faith prosecution. *See Younger*, 401 U.S. at 47. Plaintiff does not qualify for the exception. Plaintiff's lawsuit improperly seeks to have this Court supplant or

overrule the ALJ on interlocutory and procedural rulings on motions and to rule substantively on Plaintiff's anticipated purported defenses (which he has not presented at any hearing on the merits) in the state proceeding. In such circumstances, "a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15 (1987) ("We cannot assume that state judges will interpret ambiguities in state procedural law to bar presentation of federal claims.").

For these reasons, this Court lacks jurisdiction over Plaintiff's claims and must dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

B.  <u>Even if Plaintiff's claims are against judicial or quasi-judicial decisions of the Board or ALJ already made, Plaintiff's claims are barred by *Rooker-Feldman* abstention</u>

While the *Younger* abstention doctrine applies to bar Plaintiff's claims, to the extent Plaintiff's lawsuit requests relief[10] from past decisions in a judicial or quasi-judicial proceeding, the *Rooker-Feldman* doctrine applies. Under the *Rooker-Feldman* doctrine, federal district courts are not permitted to review the civil decisions of state courts. *Edwards v. Illinois Bd. of Admissions to Bar*, 261 F.3d 723, 728 (7th Cir. 2001). "Plaintiffs must instead seek review through the state court system and, if necessary, petition the United State Supreme Court for a writ of certiorari." *Id. Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine applies to "procedural state court rulings" or "substantive ones," including "interlocutory orders entered prior to the final disposition

---

[10] Plaintiff's requested relief includes restoration of certification; expungement of records; back pay and front pay; compensatory, punitive, and emotional damages; and "damages related to loss of LEOSA eligibility." [Doc. 53 at 7].

of state court lawsuits." *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016) (applying *Rooker-Feldman* to claim challenging state judge's order denying motion for reasonable accommodations). Furthermore, decisions by quasi-judicial administrative bodies acting in a judicial capacity may also come under the *Rooker-Feldman* rule. *See Mitchell v. Fishbein,* 377 F.3d 157, 166-67 (2d Cir. 2004) (collecting cases).

Wherefore, to the extent Plaintiff requests relief from the Board or the administrative law judge's procedural, substantive, or interlocutory state court rulings (*see Sykes*, 837 F.3d at 742), this Court must abstain under the *Rooker-Feldman* doctrine and dismiss the Amended Complaint.

C.   Principles of federal comity instruct that this Court dismiss the Amended Complaint

Even if the *Younger* or *Rooker-Feldman* abstention doctrines are not a perfect fit warranting that the Court abstains from Plaintiff's lawsuit, the Amended Complaint must be dismissed based on general principles of equity, comity, and federalism that underlie the abstention doctrines.

The Seventh Circuit's decision in *J.B. v. Woodward*, 997 F.3d 714, 721–22 (7th Cir. 2021), is instructive. In *J.B.*, the plaintiff filed suit pursuant to § 1983 alleging that various judicial decisions in a family law case violated his First and Fourteenth Amendment rights. *Id*. at 717. The Seventh Circuit found that it was "probably right" that "none of the abstention doctrines—if examined and applied in isolated fashion appl[ied] to his claims." *Id*. at 722. However, the Seventh Circuit found that abstention was warranted because the plaintiff's complaint sought to "compel the adjudication of claims that would inject a federal court into a contested and ongoing family court custody dispute," and thereby disregard the "underlying principles of equity, comity, and federalism foundational to our federal constitutional structure" which motivate the various abstention doctrines. *Id*. at 722. In other words, the plaintiff's "complaint ma[de] it plain" that the plaintiff's goal was "to receive a favorable federal constitutional ruling that c[ould] be used

affirmatively or offensively to shape—or perhaps change—the direction and course of the state court proceedings." *Id.* at 723. Because granting the injunctive relief sought could give plaintiff "an offensive tool to take to state court to challenge that judge's orders," the "federal court[] need[ed] to stay on the sidelines." *Id.* The Seventh Circuit's reasoning has also been applied in a case raising claims that ADA rights were violated in state court proceedings because it was clear that the plaintiff "hope[d] to achieve rulings in this Court that she can use to 'offensively shape' or 'change' the 'direction and course of the state court proceedings.'" *Lopez v. Kubalanza*, 2025 U.S. Dist. LEXIS 154401, at * 38 (N.D. Ill. Aug. 11, 2025) (quoting *J.B.*, 997 F.3d at 724). The Northern District of Illinois came to this decision even though a declaration that the state court is violating the plaintiff's ADA rights or a damage award to compensate for those violations would not necessarily require the state court to alter its proceedings, but "it would put pressure on it to do so." *Id*. "The fact that [the plaintiff] did not succeed in convincing the state court of her claims' merit does not give this federal district court the right to intervene." *Id.* at * 41.

The reasoning of the Seventh Circuit and interpretation of the Northern District apply with equal force here. Illinois state courts and hearing bodies, including the underlying proceeding, can adjudicate their own cases, including any federal issues that may arise in the case, and infringing upon their authority to do so would upset the principles of equity, comity, and federalism. Plaintiff's claims are an attempt to apply pressure to shape Plaintiff's proceedings, to delay them, or to avoid them entirely. As such, this Court also lacks jurisdiction for those reasons as well and must dismiss the Amended Complaint.

<u>Conclusion – this Court lacks jurisdiction under the abstention doctrines</u>

Wherefore, for these reasons, this Court lacks jurisdiction over Plaintiff's claims and must dismiss the Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Further amendment of the complaint would be futile, and the Court should dismiss with prejudice.

## II. The Amended Complaint fails to state a claim upon which relief can be granted, and Defendant Board is immune from certain claims

The Amended Complaint is factually and legally insufficient and fails to state a claim upon which relief can be granted, for multiple reasons, and this Court should dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also, the Board is immune from certain claims, as addressed below in the respective analysis for each claim, and this Court must dismiss those claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Plaintiff's Amended Complaint brings ten purported claims: five claims against Defendants Girard Police Department and/or Chief Wayman Meredith (Counts I, II, III, VI, and IX), four claims against "All Defendants" (Counts IV, V, VIII, and X), and one claim against only Defendant Board (Count VII). Every claim Plaintiff brings against Defendant Board is deficient.

1. Count IV fails to state a procedural due process claim

Plaintiff claims in Count IV that "All Defendants" allegedly violated Plaintiff's procedural due process rights, purporting to bring Count IV pursuant to 42 U.S.C. § 1983. [Doc. 53, ¶¶ 67-69]. However, Plaintiff's allegations fail to state a claim against Defendant Board.

First, Plaintiff cannot bring any claims against Defendant Board under § 1983. The Board is an agency of the State of Illinois created by the Illinois Police Training Act, 50 ILCS 705/1 et seq. The Board cannot be sued under § 1983 because states and their agencies are protected by Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Also, a state agency is not a "person" suable under § 1983. *Id.* at 64; *see also Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 779-80 (2000) (explaining that courts should consider first whether a state can be sued under a statute, before considering constitutional issues). Wherefore, Plaintiff cannot obtain any relief from the Board under § 1983 and fails to state a claim.

Second, even if Plaintiff could bring a claim against Defendant Board under § 1983 (which he cannot), Count IV is factually and legally insufficient because Plaintiff's allegations are vague and conclusory, failing to differentiate between three Defendants who are not similarly situated and merely reciting elements of a purported cause of action. Plaintiff alleges that he had a protected property interest in his employment [Doc. 53, ¶ 67], but he does not allege that Defendant Board employed him or terminated his employment. Plaintiff alleges that he has a protected property interest in certification, but he does not allege that he has been decertified – merely that Defendant Board has initiated decertification proceedings. [*Id.,* ¶ 47]. Plaintiff's allegation that he "was not provided pre-deprivation notice or hearing" [*Id.*, ¶ 69] is conclusory, failing to allege what notice or hearing Defendant Board allegedly failed to provide.[11] Also, Plaintiff's allegation that "ILETSB placed Plaintiff's certification in 'bad standing'" [Doc. 53, ¶ 48] is vague, uses a conclusory non-statutory term, and fails to allege any misconduct since Defendant Board is bound by (and Plaintiff does not allege that it has not followed) the Illinois Police Training Act, 50 ILCS 705/1, *et seq.,* which prescribes procedures for law enforcement officers who resign after receiving notice of a law enforcement agency's investigation into "conduct subject to decertification under the Act" or who are "the subject of a decertification proceeding." [*See* 50 ILCS 705/8.1(b)(1), (b)(3) (full time officers); 8.2(b)(1), (b)(3) (part-time officers)]. The Amended Complaint lacks factual content that would allow the Court to draw a reasonable inference that Defendant Board is liable for any misconduct, much less the purported misconduct alleged. *See Iqbal*, 556 U.S. at 678.

Third, the fact that Plaintiff's § 1983 claim is a *procedural due process claim* is critical here. Generally, a plaintiff need not exhaust their remedies through state agencies or courts before

---

[11] Plaintiff's allegation that Defendant Board purportedly failed to provide him with pre-deprivation notice or hearing is especially confusing, and frivolous, because Defendant Board has provided Plaintiff with all due notice [*see, e.g,* Notice of Alleged Violation, Doc. 16-3] and Plaintiff, through this lawsuit, is requesting injunctive relief to halt the pending (pre-deprivation) decertification proceeding, which has not yet resulted in a decision as to his certification.

bringing a § 1983 claim, but "that is not to say post-deprivation remedies are irrelevant <u>to a procedural due process claim</u>." *Tucker v. City of Chicago*, 907 F.3d 487, 492 (7th Cir. 2018) (granting 12(b)(6) motion to dismiss § 1983 procedural due process claim) (emphasis added). To withstand a motion to dismiss, Plaintiff *must* allege that he availed himself of post-deprivation remedies, or that the available remedies are inadequate. *See LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 944 (7th Cir. 2010) ("LaBella alleges neither that it availed itself of state post-deprivation remedies, nor that the available remedies are inadequate, as it is required to do. That failure is fatal to its procedural due process claim."). See *Leavell v. Illinois Dep't of Natural Resources*, 600 F.3d 798, 806 (7th Cir. 2010) (for a plaintiff alleging a procedural due process claim, the plaintiff must either avail herself of state post-deprivation remedies or demonstrate that the available remedies are inadequate); *Williams v. Pollard*, 2015 U.S. Dist. LEXIS 125100 (E.D. Wis. September 12, 2015) ("A suit based on a wrongful act that ignores the existence of a post-deprivation remedy is, in effect, one that considers only partial or unfinished state action.").

Here, Plaintiff fails to allege he availed himself of post-deprivation remedies and fails to allege that post-deprivation remedies are inadequate. Also, Plaintiff does not allege he has been decertified. Rather, Plaintiff alleges that Defendant Board has *initiated* decertification proceedings [*see* Doc. 53, ¶ 47] and admits[12] that he has not sought judicial review in any state court. As Defendant Board has explained[13], Plaintiff will remain certified until the Board, if appropriate, theoretically approves any decertification recommended, *if* recommended, by the ALJ or the Illinois Law Enforcement Certification Review Panel, which are themselves recommendations to

---

[12] Plaintiff has made a judicial admission that "there is no state court-judgment – final or otherwise – at issue. The administrative decertification proceeding remains ongoing, and Plaintiff has not sought or obtained judicial review in any state court." [Doc. 17 at 9]. *See United States v. One Heckler-Koch Rifle,* 629 F.2d 1250, 1253 (7th Cir. 1980) (holding that a representation made in a response brief may be treated as a judicial admission).
[13] *See* Response in Opposition to Plaintiff's Emergency Motion for Injunction Pending Appeal, Doc. 44 at 11-12.

the Board for a possible final administrative decision. [*See* 50 ILCS 705/6.3(h) and 20 Ill. Admin. Code 1790.630, 1790.645(d), 1790.670(b)]. If Plaintiff objects to procedural or substantive legal portions of an order or report of the ALJ, he – like any officer – may file a statement of objection or written brief with the Panel. *See* 20 Ill. Admin. Code 1790.310(d) and 50 ILCS 705/6.3(h)(7). Final administrative decisions of the Board are subject to review by the Board's Review Committee (*see* 50 ILCS 705/6.3(h)(1), 20 Ill. Adm. Code 1790.660) and by judicial review under the Administrative Review Law *(see* 50 ILCS 705/6.6).

Wherefore, Count IV fails to state a claim upon which relief can be granted, and Defendant Board has immunity under the Eleventh Amendment from Plaintiff's claim, so this Court should dismiss Count IV pursuant to Rule 12(b)(6) and must dismiss Count IV pursuant to Rule 12(b)(1).

2. Count V fails to state an equal protection claim

Count V alleges that "All Defendants" allegedly violated Plaintiff's equal protection rights, purporting to bring a claim pursuant to 42 U.S.C. § 1983. [Doc. 53, ¶¶ 70-71]. Plaintiff alleges that he "was treated differently from similarly situated non-disabled officers" and that "differential treatment lacked a rational basis." [Doc. 53, ¶¶ 70, 71]. However, Plaintiff fails to state a claim.

First, as discussed *supra,* Plaintiff cannot bring any claims against Defendant Board under § 1983 because the Board is an agency of the State of Illinois which cannot be sued under § 1983 because states and their agencies are protected by Eleventh Amendment immunity. *Will*, 491 U.S. at 65-66. Also, the Board, a state agency, is not a "person" suable under § 1983. *Id.* at 64. Wherefore, Plaintiff cannot obtain any relief from the Board under § 1983 and fails to state a claim.

Second, Count V alleges only two brief and conclusory allegations [*see Id.*] which fail to differentiate between the Defendants. Even when liberally construed in combination with the other allegations of the Amended Complaint, Count V fails to state a claim against Defendant Board.

Third, even if Plaintiff could bring a claim against Defendant Board under § 1983 (which he cannot), even liberally construing his allegations as may relate to his equal protection claim, Plaintiff fails to state a claim. Plaintiff alleges elsewhere – in Count VIII – that "the Illinois SAFE-T Act"[14] imposes liability "without regard to disability-related limitations". [*Id.*, ¶¶ 76, 77]. The Amended Complaint does not specify which statute or statutes allegedly impose such liability. If this Court infers that Plaintiff's allegations challenge 720 ILCS 5/7-15[15], a "duty to render aid" provision of Illinois' Criminal Code, Plaintiff's allegations fail to state a claim against the Board. The duty to render aid statute does not implicate any classifications, suspect or otherwise (*see* 720 ILCS 5/7-15); however, even if it did, Plaintiff has not alleged "facts sufficient to overcome the presumption of rationality that applies to government classifications." *D.B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013). Moreover, the government, including Illinois Law Enforcement Training and Standards Board, has a rational basis for administering the Police Training Act's process to determine whether Plaintiff failed in his duty to render aid, acknowledging that Plaintiff intends to present evidence of a purported defense that he had a hip replacement and had lifting restrictions.

Wherefore, Count V fails to state a claim upon which relief can be granted, and Defendant Board has immunity under the Eleventh Amendment from Plaintiff's claim, so this Court should dismiss Count V pursuant to Rule 12(b)(6) and must dismiss Count IV pursuant to Rule 12(b)(1).

3. <u>Count VII fails to state an ADA claim</u>

Count VII claims that Defendant Board allegedly violated Plaintiff's rights under Title II of the ADA, alleging that Defendant Board failed to make reasonable modifications in policies, practices, or procedures which Plaintiff alleges were necessary to avoid discriminating against him

---

[14] Defendant Board infers that Plaintiff means Public Act 101-652 (relevant portions eff. Jan 1, 2021), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act, which "comprehensively overhauled many aspects of the state's criminal justice system." *Rowe v. Raoul*, 2023 IL 129248, *4.

[15] As cited in Plaintiff's prior motion for leave to amend his complaint and for other relief, *See* Doc. 19 at 1-3.

on the basis of his alleged disability. [*See* Doc. 53*, ¶¶* 74-86]. Plaintiff's allegations fail to state a claim. Also, Plaintiff has provided additional facts which demonstrate he is not entitled to relief.

To state a *prima facie* case of discrimination under Title II of the ADA, Plaintiff must show: (1) that he is a qualified individual with a disability; (2) that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity; and (3) that the denial or discrimination was by reason of his disability. *Lacy v. Cook Cnty., Illinois*, 897 F.3d 847, 853 (7th Cir. 2018). A failure to make "reasonable modifications in policies, practices, or procedures" can constitute discrimination under Title II. *Id.* (quoting 28 C.F.R. § 35.130(b)(7)(i)). The obligation to make "reasonable modifications" parallels the obligations to make "reasonable accommodations" in the context of Titles I and III. *Id.* (quoting *A.H. by Holzmueller v. Ill. High Sch. Ass'n,* 881 F.3d 587, 592-93 (7th Cir. 2018)).

<u>Plaintiff does not plausibly allege that he is a qualified individual with a disability</u>

Plaintiff fails to allege facts from which it could plausibly be inferred that he is a qualified individual with disability as defined under the ADA. His allegations of "total hip replacement" and unspecified "lifting restrictions" [*see* Doc. 53, ¶ 9] are bald and insufficient. Not every impairment constitutes a disability under the ADA, and the impairments Plaintiff alleges do not necessarily substantially limit a major life activity (*see* 29 C.F.R. § 1630.2(j)(1)(ii)) and are insufficient to state a claim that he qualifies for any protections under the ADA. *See Powers v. USF Holland, Inc.*, 667 F.3d 815, 819 (7th Cir. 2011) (noting that "[m]erely having a physical injury or a medical condition is not enough" for a plaintiff to be considered disabled under the ADA). *See also Kotwica v. Rose Packing Co.*, No. 07 C 5262, 2009 U.S. Dist. LEXIS 88648 (N.D. Ill. Sept. 25, 2009), aff'd 637 F.3d 744 (7th Cir. 2011) (total hip replacement not disability *per se*). Plaintiff does not allege he was limited to sedentary, light, or 'desk' duty – indeed, he was on duty as a law enforcement officer

responding to a 911 call at the time of "the incident". [*See* Doc. 53, ¶¶ 10, 11, 23]. Plaintiff's allegations do not plausibly show that his condition "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii). The plausibility determination of whether Plaintiff states an entitlement to relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012), and in this context Plaintiff fails to plausibly state a claim upon which relief can be granted under the ADA or otherwise.

Also, Plaintiff brings only a Title II ADA claim, so the definitions of that Title apply:

> The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2).

Plaintiff will not meet the essential eligibility requirements for certification under the Police Training Act if the Board determines that he committed decertification conduct and makes a final administrative decision (subject to state court judicial review) to decertify him. *See* 50 ILCS 705/6.3(b) ("The Board has the authority to decertify a full-time or a part-time law enforcement officer upon a determination by the Board that the law enforcement officer has [committed one or more of the enumerated types of decertification conduct]."). But, to reiterate, a final administrative decision has not been made – and may not be made depending on the decertification proceeding. Plaintiff's allegations that he is a qualified individual under the ADA are insufficient. Moreover, Plaintiff's claim is premature and unripe – the underlying proceeding has not created a full record nor yielded any final decision, and these issues highlight why this Court must abstain under the abstention doctrines, as this Court has already correctly ruled and as discussed above.

<u>Plaintiff does not plausibly allege that Defendant Board discriminated against him because of his alleged disability, and his allegations show he has no claim</u>

Plaintiff fails to allege facts from which this Court could plausibly infer that Defendant Board discriminated against him. Also, Plaintiff fails to allege facts from which this Court could plausibly infer that Defendant discriminated against him because of a disability. Furthermore, Plaintiff's allegations show that he has no claim and Plaintiff has pleaded himself out of court.[16]

Plaintiff's allegations show that Plaintiff responded to a 911 call involving an unconscious individual in a vehicle. [Doc. 53, ¶ 23]. Under Illinois law, Plaintiff had a duty to render medical aid "as soon as reasonably practical". 720 ILCS 5/7-15. Plaintiff did not perform CPR or render other medical aid, and it was minutes before the individual received CPR from paramedics. [Doc. 53, ¶¶ 24-27]. Chief Meredith confronted Plaintiff about the incident and Plaintiff resigned. [*Id.*, ¶¶ 32-37]. Following Plaintiff's separation, the Girard Police Department initiated a discretionary decertification complaint with Defendant Board. [*Id.*, ¶ 38]. "After receiving the complaint, ILETSB initiated an investigation and assigned an investigator to interview Plaintiff." [*Id.*, ¶ 41]. Plaintiff alleges that an investigator "disregarded" his explanation for why he did not perform CPR [*Id.*, ¶ 42-45], and that "instead" Defendant Board initiated formal decertification proceedings against Plaintiff. [*Id.*, ¶ 47]. Hypocritically, Plaintiff seeks injunctive relief to "halt" the hearing process [Doc. 53 at 7] to *avoid* "a meaningful opportunity to be heard" [Doc. 53, ¶ 51] and to *prevent* the ALJ from conducting an "individualized assessment" [*Id.,* ¶¶ 46, 78] of these facts and circumstances. Plaintiff's allegations fail to state a claim and show that he has no claim.

---

[16] *See McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) (recognizing that "if a plaintiff pleads facts which show he has no claim, then he has pled himself out of court")*; Thomas v. Farley*, 31 F.3d 557, 558-59 (7th Cir. 1994) (noting that "if a plaintiff does plead particulars, and they show that he has no claim, then he is out of luck—he has pleaded himself out of court").

Relatedly, this Court can and should take judicial notice of the Complaint for Decertification and other public records of the underlying proceeding, as they are both critical to the complaint and referred to in it, and are subject to proper judicial notice. *See Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012) ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.").

In effect, Plaintiff alleges the conclusion that the entire matter should have ended the moment he provided his explanation for his inaction during the incident. However, under the ADA, no public entity is required to make modifications to policies, practices, or procedures when doing so would fundamentally alter the nature of the service, program, or activity. *See* 28 C.F.R. § 35.130(b)(7). Plaintiff's conclusions as to what ILETSB is required to do or prohibited from doing (all prior to evidentiary hearing and prior to a final administrative decision) would fundamentally alter the nature of law enforcement officer certification under the Illinois Police Training Act.

Wherefore, Count VII fails to state a claim upon which relief can be granted, so this Court should dismiss Count VII pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

4. <u>Count VIII fails to state a claim</u>

Plaintiff titles Count VIII "Declaratory Judgment / Preemption" [*see* Doc. 53 at 7] but Count VIII fails to state a claim upon which relief can be granted.

First, preemption is not a cause of action – it is an affirmative defense raised by a defendant. *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645 (7th Cir. 2019). There are three types of federal preemption: "express preemption, field preemption, and conflict preemption." *Ye v. GlobalTranz Enterprises, Inc.*, 74 F.4th 453, 457 (7th Cir. 2023). Plaintiff alleges conflict

preemption, alleging that "the Illinois SAFE-T Act, as applied, conflicts with the ADA and is preempted under the Supremacy Clause." [Doc. 53, ¶ 76]. However,

> "Conflict" preemption, as [the Seventh Circuit noted in *Vorhees*] "is merely a defense to the merits of a claim. As such, according to the well-pleaded complaint rule, it does not provide a basis for federal question jurisdiction."

*Adkins v. Ill. Cent. R.R. Co.*, 326 F.3d 828, 835 (7th Cir. 2003) (quoting *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001)).

In other words, even if Plaintiff were to allege a plausible issue of preemption (which he has not), his attempt to raise that issue is procedurally improper as it is not a cause of action.

Furthermore, even if it was a cause of action (which it is not), Plaintiff fails to plausibly allege conflict preemption. Plaintiff alleges that "the statute" imposes liability "without regard to disability-related limitations." [*Id.*, ¶¶ 76, 77]. The Amended Complaint does not point to which part of the SAFE-T Act purportedly imposes such liability. If this Court infers that Plaintiff's claim is based on 720 ILCS 5/7-15[17], the duty to render aid provision of Illinois' Criminal Code, Plaintiff's allegations nevertheless fail to state a claim. Conflict preemption occurs when "it would be 'impossible' ... to comply with both state and federal law or that state law ... constitutes an 'obstacle' to satisfying the purposes and objectives of Congress." *Nelson v. Great Lakes Educ. Loan Servs., Inc.*, 928 F.3d 639, 650 (7th Cir. 2019). A court should not find conflict preemption "unless that was the clear and manifest purpose of Congress." *Arizona v. United States*, 567 U.S. 387, 400 (2012). "The challenger must show that applying the state law would do 'major damage' to clear and substantial federal interests." *C.Y. Wholesale, Inc. v. Holcomb*, 965 F.3d 541, 547 (7th Cir. 2020) (quoting *Patriotic Veterans, Inc. v. Indiana*, 736 F.3d 1041, 1049 (7th Cir. 2013)). To reiterate: Plaintiff alleges that he has a defense in the specific factual scenario at issue in the

---

[17] As cited in Plaintiff's prior motion for leave to amend his complaint and for other relief, *See* Doc. 19 at 1-3.

pending decertification proceeding related to his allegations of a total hip replacement and lifting restrictions; Plaintiff does not show conflict preemption between the ADA and any Illinois law.

Also, regardless of whether the Amended Complaint arguably states a claim for declaratory judgment, this Court has discretion to decline to hear a declaratory judgment action even if it considers the action justiciable. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 747 (7th Cir. 1987). Courts may also properly dismiss a declaratory judgment claim if traditional remedies are sufficient. *Layman v. City of Peoria, Illinois*, 352 F.Supp.3d 874, 878 (C.D. Ill. Nov. 8, 2018) (*citing Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1168 (7th Cir. 1969)). This Court should exercise its discretion and decline to hear Plaintiff's claim and dismiss the claim.

Wherefore, this Court should dismiss VIII pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

5.  <u>Count X fails to state a claim</u>

Count X brings a claim for "Negligent Infliction of Emotional Distress" ("NIED"), alleging the bald conclusion that "All Defendants" allegedly "breached a duty of care in handling Plaintiff's employment and disability." [Doc. 53, ¶ 83]. Defendant Board is immune from Plaintiff's claims, and this Court lacks subject matter jurisdiction. Even if the Board was not immune, Plaintiff fails to state an NIED claim upon which relief can be granted against Defendant Board.

First, Defendant Board is immune from this claim. When a federal court is exercising supplemental jurisdiction over claims based on state law, the court must apply state law immunities. *Rodriguez v. Cook Cnty.*, 664 F.3d 627, 631 (7th Cir. 2011). The Illinois State Lawsuit Immunity Act, 745 ILCS 5/1, provides that the State of Illinois is immune from suit in any court, except as provided in the Illinois Court of Claims Act, 705 ILCS 505/8 (and other statutes not relevant here), which vests jurisdiction over state tort claims against the state in the Illinois Court

of Claims." *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001). Accordingly, when sovereign immunity applies, this Court lacks jurisdiction to hear the claim—just as the Illinois trial court would. *Walker v. Rogers*, 650 N.E.2d 272, 273-74 (Ill. App. Ct. 1995). Also, the Eleventh Amendment prohibits a federal court from adjudicating state law claims against the state and its agencies where, as here, it does not consent. See, *e.g., Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984); *Offor v. Ill. Dep't of Human Services,* 2013 U.S. Dist. LEXIS 6195 at *4 (N.D. Ill. Jan. 16, 2013) (granting state agency's 12(b)(6) motion to dismiss intentional infliction of emotional distress claim because claim barred by sovereign immunity). *"A department of State government is a part, or division, of the government, and a suit against a department of the State is a suit against the State." Foley v. American Federation of State, County, & Municipal Employees, etc.*, 199 Ill. App. 3d 6, 14 (1990). Defendant Illinois Law Enforcement Training and Standards Board is an agency of the State and is "indisputably an arm of the State." *Brandon v. Bonnell*, 368 Ill. App. 3d 492, 510 (2006). Thus, Defendant Board is immune from Plaintiff's NIED claim and this Court lacks jurisdiction.

Second, Count X fails to differentiate between the three Defendants, who are not similarly situated, and is vague as to what conduct is alleged and what duty was owed. Even if this Court liberally construes Plaintiff's allegations, he does not plausibly state a claim against the Board.

Third, this Court should not retain jurisdiction over this state law claim for negligent infliction of emotional distress ("NIED"). The Seventh Circuit has consistently stated that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly,* 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.,* 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additives Co.,* 6 F.3d 1176, 1182 (7th Cir. 1993).

Wherefore, this Court must dismiss Count X under Rule 12(b)(1) and should dismiss Count X under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

This Court should dismiss the Amended Complaint against Defendant Board because this Court lacks jurisdiction and must dismiss the Amended Complaint because this Court must abstain under the abstention doctrine of *Younger* and its progeny and under the general principles of equity, comity, and federalism which underlie the doctrine To the extent Plaintiff requests relief from the ALJ's or Board's past decisions, general principles of equity, comity, and federalism and *Rooker-Feldman* doctrine bar Plaintiff's claims and this Court lacks jurisdiction. Also, the Amended Complaint is factually and legally deficient and fails to state a claim upon which relief can be granted against Defendant Board. Furthermore, Defendant Board has sovereign immunity and/or Eleventh Amendment immunity from several of the claims, as discussed above.

Additionally, this Court should dismiss Defendant Board from this lawsuit with prejudice. This Court has considered several briefings and correctly denied several motions filed by Plaintiff, and Plaintiff has repeatedly failed to cure the deficiencies regarding Defendant Board. This Court has already afforded Plaintiff an opportunity [ECF 52] to amend his complaint. Further amendment of Plaintiff's complaint against Defendant Board would be futile due to abstention under the applicable doctrines, the Board's immunities, and the other reasons discussed herein. *See Bower v. Jones,* 978 F.2d 1004, 1008 (7th Cir. 1992) (An amendment is futile when it merely restates the same facts using different language, reasserts a claim previously determined, fails to state a valid theory of liability, or when it could not withstand a motion to dismiss). *Bausch v. Stryker Corp.,* 630 F.3d 546, 562 (7th Cir. 2010) (stating leave to amend under Federal Rule of Civil Procedure 15(a)(2) may be denied where the amendment would be futile).

WHEREFORE, for these reasons, Defendant ILLINOIS LAW ENFORCEMENT TRAINING AND STANDARDS BOARD respectfully requests that this Court dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Respectfully submitted,

Matthew P. Banach
Assistant Attorney General
Office of the Illinois Attorney General
Bennett Administrative Center
102 E. Main Street
Urbana, Illinois 61801-2744
Tel. 217-278-3329
Fax. 217-278-3370
*matthew.banach@ilag.gov*
*& gls@ilag.gov*

Defendant ILLINOIS LAW ENFORCEMENT TRAINING AND STANDARDS BOARD,

By: KWAME RAOUL,
    Illinois Attorney General

*/s/ Matthew P. Banach*
 Matthew P. Banach, #6288996
 Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ROBY B. IRBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. 26-CV-3076-CRL-DJQ |
| | ) | |
| GIRARD POLICE DEPARTMENT, | ) | |
| CHIEF WAYMAN MEREDITH, and | ) | |
| ILLNIOIS LAW ENFORCEMENT | ) | |
| TRAINING AND STANDARDS BOARD, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2026, the foregoing document, Defendant Board's Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law in Support was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

Roby Irby
6 Barley Dr.
Troy, IL 62294

/s/ Matthew P. Banach
Matthew P. Banach, #6288996
Assistant Attorney General

# Hearing Portal    Home    User Admin                                  Hello Andrew Janetzke!    Logout

      

**Case Information**       **Parties**       **Filings**       **Review and Submit**

---

### Review

File Into Case

Illinois Law Enforcement Training
and Standards Board
Nicholas Kondelis, Attorney
(217) 785-9931 |
Ptb.Hearings@Illinois.gov

v.

Roby B Irby - 65045816
DOB: 7/17/1970
6 Barley Drive
Troy, IL 62294
(309) 265-5420 |
drroby@gmail.com

**Case #**
2025D000004

**Reference Number**
M2QH-I5HD-Z7GQ-BML8

**Case Category**
Decertification

**Court Location**
500 South 9th Street
Springfield, IL 62701

**Assigned ALJ**
Sarah Carlson

## Filings

**Envelope Submitted By Roby Irby at 4/24/2026 8:13:54 AM**

| Filing Code | Description | Comments |
|---|---|---|
| Other Document Not Listed | Attorney bailed out last min part 2 | |

**Envelope Submitted By Roby Irby at 4/24/2026 1:04:09 AM**

| Filing Code | Description | Comments |
|---|---|---|
| Motion | Attorney Bailed out | Prior to this had an attorney that became non-responsive and bailed out on me. |

**Envelope Submitted By Roby Irby at 4/24/2026 12:33:02 AM**

| Filing Code | Description | Comments |
|---|---|---|
| Motion | Continuance based on in final stages of paying attorney retainer for representation | Continuance based on in final stages of paying attorney retainer for representation |

**Envelope Submitted By Jennifer Martin at 4/8/2026 1:49:21 PM**

| Filing Code | Description | Comments |
|---|---|---|
| Order | Amended Prehearing Report and Scheduling Order | Amends the Motion Hearing from April 23, 2026, to April 24, 2026. |

**Envelope Submitted By Jennifer Martin at 4/8/2026 11:09:28 AM**

| Filing Code | Description | Comments |
|---|---|---|
| Order | Prehearing Report and Scheduling Order | |

**Envelope Submitted By Roby Irby at 4/2/2026 7:52:02 AM**

| Filing Code | Description | Comments |
|---|---|---|
| Other Document Not Listed | Declaration of Unavailability | |

**Envelope Submitted By Roby Irby at 4/1/2026 9:27:03 AM**

| Filing Code | Description | Comments |
|---|---|---|
| Answer | Opposition to Motion for Default | Filing this before heading into medical procedure. |

**Envelope Submitted By Roby Irby at 4/1/2026 8:54:14 AM**

| Filing Code | Description | Comments |
|---|---|---|
| Other Document Not Listed | Preservation of Issues | See attached preservation of issues to preserve issues for appeal. |

**Envelope Submitted By Jennifer Martin at 3/26/2026 3:46:05 PM**

| Filing Code | Description | Comments |
|---|---|---|
| Order | Order on Respondent's Motion for Continuance and Scheduling Order | |

**Envelope Submitted By Roby Irby at 3/24/2026 9:39:55 AM**

| Filing Code | Description | Comments |
|---|---|---|
| Motion | Motion to Reschedule | See attached Motion to Reschedule for medical reasons with proof attached. |

**Envelope Submitted By Nicholas Kondelis at 3/23/2026 2:59:10 PM**

| Filing Code | Description | Comments |
|---|---|---|
| Motion | Motion for Default | |

**Envelope Submitted By Jennifer Martin at 3/19/2026 1:14:46 PM**

| Filing Code | Description | Comments |
|---|---|---|
| Order | Prehearing Conference Report and Order | |

**Envelope Submitted By Roby Irby at 3/17/2026 8:57:42 PM**

| Filing Code | Description | Comments |
|---|---|---|
| Other Document Not Listed | Letter re: status | |

**Envelope Submitted By Roby Irby at 3/17/2026 8:14:57 PM**

| Filing Code | Description | Comments |
|---|---|---|
| Motion | Reply to Opposition to Motion to Continue | See attached reply to opposition to motion to continue |

| Envelope Submitted By Nicholas Kondelis at 3/17/2026 3:27:17 PM | | |
|---|---|---|
| **Filing Code** | **Description** | **Comments** |
| Response to Motion | ILTESB Response to Respondent's Motion to Continue Pre-Trial Conference | |

| Envelope Submitted By Roby Irby at 3/16/2026 12:23:21 AM | | |
|---|---|---|
| **Filing Code** | **Description** | **Comments** |
| Motion | Motion to Dismiss | I am attaching a pro se motion to dismiss this matter based on constitutional grounds. |

| Envelope Submitted By Anthony Cox at 3/12/2026 5:06:44 PM | | |
|---|---|---|
| **Filing Code** | **Description** | **Comments** |
| Other Document Not Listed | Response to Attorney Kondelis Letter | I did not receive a copy of this letter by Attorney Kondelis contesting my request to appear pro hac vice. First and foremost, I did not enter my appearance or do any of that and WILL NOT do so because I have not been admitted pro hac vice to appear before the Board. In fact, because this is discretionary I followed the rules and asked for permission with the understanding that my request may be denied, which is okay. That said, I am attaching a response. At this time, there has been no ruling made on my ability to appear pro hac vice and until then I will not file anything else. I am prepared to pay the filing fee and file a verified statement if my request will be entertained. I am not here to waste the court's time and am not one to engage in petty interactions, but when someone does something as ridiculous as what was just done, you have to respond. I am thankful for the court's time and will accept and respect whatever decision is made. |

**Envelope Submitted By Nicholas Kondelis at 3/11/2026 1:20:42 PM**

| Filing Code | Description | Comments |
|---|---|---|
| Other Document Not Listed | Notification to ARDC regarding disbarred Pennsylvania attorney Anthony Cox Jr. | ILETSB has been notified that an out of state attorney (Anthony Cox Jr.) has submitted a Motion to Appear Pro Hac Vice on behalf of Roby Irby. Mr. Cox has been disbarred by the Pennsylvania Supreme Court, and, therefore, cannot meet the requirements of Illinois Supreme Court Rule 707 for out of state attorneys to be admitted pro hac vice. The Illinois Attorney and Registration Disciplinary Commission received the attached notification letter today. |

**Envelope Submitted By Roby Irby at 3/10/2026 2:07:37 PM**

| Filing Code | Description | Comments |
|---|---|---|
| Motion | Motion to Stay | |

**Envelope Submitted By Roby Irby at 3/10/2026 2:05:40 PM**

| Filing Code | Description | Comments |
|---|---|---|
| Motion | Motion to Stay based on pending federal litigation | |

**Envelope Submitted By Roby Irby at 3/10/2026 1:57:03 PM**

| Filing Code | Description | Comments |
|---|---|---|
| Motion | Motion for Continuance of Pre-Hearing Conference to obtain new counsel | |

**Envelope Submitted By Shane Voyles at 3/9/2026 10:10:12 AM**

| Filing Code | Description | Comments |
|---|---|---|
| Other Document Not Listed | Notice of Withdrawal under 1790.210(b) | |

**Envelope Submitted By Jennifer Martin at 3/3/2026 11:37:18 AM**

| Filing Code | Description | Comments |
|---|---|---|
| Order | Prehearing Conference Notice | |

**Envelope Submitted By Shane Voyles at 12/23/2025 9:05:30 AM**

| Filing Code | Description | Comments |
|---|---|---|
| Answer | | |

**Envelope Submitted By Shane Voyles at 12/16/2025 11:59:15 AM**

| Filing Code | Description | Comments |
|---|---|---|
| Appearance | Appearance by Attorney for Respondent Irby | |

**Envelope Submitted By Andrew Janetzke at 12/8/2025 3:19:32 PM**

| Filing Code | Description | Comments |
|---|---|---|
| Proof of Service | Proof of Service of Formal Complaint on Respondent | Served on 12-8-2025. |

**Envelope Submitted By Nicholas Kondelis at 10/7/2025 11:21:44 AM**

| Filing Code | Description | Comments |
|---|---|---|
| Formal Complaint | Decertification Complaint | Exhibits uploaded separately. |
| Exhibit | Exhibit B | death certificate, re: Patrick Beard |
| Exhibit | Exhibit C | ILETSB Training Records, re: Roby Irby |

**Envelope Submitted By Nicholas Kondelis at 10/7/2025 11:21:44 AM**

| Filing Code | Description | Comments |
| --- | --- | --- |
| Exhibit | Exhibit D | Notice of Violation, Form Q |
| Exhibit | Exhibit A | Video footage |

Case submitted by Nicholas Kondelis on 10/7/2025 11:21:44 AM.

© 2026 Illinois Law Enforcement Training & Standards Board